## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS

| | |
|---|---|
| Robert Moore,<br><br>        Plaintiff,<br><br>v.<br><br>BNSF Railway Co. ,<br><br>        Defendant. | Case No. _____<br><br>**COMPLAINT**<br>**(JURY TRIAL DEMAND)** |

### PRELIMINARY STATEMENT

1. When Plaintiff Robert Moore told his employer—Defendant BNSF Railway Co.—that he had been diagnosed with cancer and needed time off, it manufactured a reason to terminate him, in violation of the Americans with Disabilities Act, 42 U.S.C. § 1210 *et seq.*, as amended, and failed to give him notice that he was entitled to the opportunity to continue health care coverage, in violation of the Consolidated Omnibus Reconciliation Act, 29 U.S.C. § 1161 *et seq.* ("COBRA").

### PARTIES

2. BNSF is a railroad carrier engaged in interstate and foreign commerce. It is headquartered in this state, and does significant business in this district.

3. Moore resides in this district.

### JURISDICTION AND VENUE

4. This Court has original jurisdiction over Moore's ADA claim under 28 U.S.C. § 1331.

5. Venue is proper in this district under 28 U.S.C. § 1391 because the illegal conduct occurred in this district.

## BNSF WITHDRAWS ITS JOB OFFER TO MOORE

6. Moore worked for BNSF.

7. While working for BNSF, Moore learned that he had cancer.

8. Two days after Moore communicated his diagnosis and need leave for it; BNSF accused him of violating a workplace rule and terminated him.

9. The supposed workplace rule violation had happened long prior to when BNSF accused him of it.

10. BNSF knew from their positions' natures that if Moore violated the workplace rule, his coworker necessarily not only violated the rule too but also bore more responsibility for such violation.

11. BNSF nevertheless terminated Moore but not his coworker.

12. BNSF did not provide the statutorily required COBRA notice to Moore.

13. BNSF is self-insured.

14. By terminating Moore and failing to provide him a COBRA notice, BNSF avoided having to pay the more than $100,000 that his cancer treatment cost.

## CAUSES OF ACTION

## VIOLATIONS OF 42 U.S.C. § 12101, *et seq*.

15. BNSF was Moore's "employer" within the ADA's meaning.

16. Moore is disabled within the ADA's meaning.

17. Moore is a qualified individual within the ADA's meaning.

18. Section 12112(a) of the ADA prohibits employers from "discriminat[ing] against a qualified individual on the basis of disability in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment."

19. Section 12112(b)(3) of the ADA defines "discriminat[ing] against a qualified individual on the basis of disability" as including "utilizing standards, criteria, or methods of administration . . . that have the effect of discrimination on the basis of disability".

20. Section 12112(b)(5)(A) of the ADA defines "discriminat[ing] against a qualified individual on the basis of disability" as including "not making reasonable accommodations to the known physical or mental limitations of an otherwise qualified individual with a disability who is an applicant or employee . . . ."

21. Section 12112(b)(6) of the ADA defines "discriminat[ing] against a qualified individual on the basis of disability" as including "using qualification standards, employment tests or other selection criteria that screen out or tend to screen out an individual with a disability or a class of individuals with disabilities unless the standard, test or other selection criteria, as used by the covered entity, is shown to be job-related for the position and is consistent with business necessity."

22. BNSF discriminated against Moore on the basis of disability when it terminated him.

23. Because BNSF violated 42 U.S.C. § 12112, Moore has suffered and will continue to suffer loss of income, emotional distress, and other damages in an amount in excess of $75,000. Moore is also entitled to attorneys' fees and costs incurred in connection with these claims.

24. BNSF committed the above-alleged facts with reckless disregard or deliberate disregard for Moore's rights and safety. As a result, Moore is entitled to punitive damages.

**VIOLATIONS OF 29 U.S.C. § 1161**

25. Section 1161 of the COBRA provides that employers must allow former employees the opportunity to continue health care coverage under the employer's plan if a qualifying event occurs.

26. Section 1163(2) provides that discharge from employment is a qualifying event.

27. BNSF terminated Moore without allowing him the opportunity to continue health care coverage under its plan.

28. Because BNSF violated the COBRA, Moore has suffered and will continue to suffer loss of income, emotional distress, and other damages in an amount in excess of $75,000. Moore is also entitled to attorneys' fees and costs incurred in connection with these claims.

29. BNSF committed the above-alleged facts with reckless disregard or deliberate disregard for Moore's rights and safety. As a result, Moore is entitled to punitive damages.

## REQUEST FOR RELIEF

30. Moore requests that the Court find BNSF acted in direct violation of the ADA and/or COBRA.

31. Moore further requests that the Court order BNSF to:

    - reinstate him;

    - pay to him an award for compensatory damages arising from loss of income and benefits in an amount to be determined by the trier of fact;

    - pay to him an award for garden-variety emotional distress in an amount to be determined by the trier of fact;

    - pay to him an award for costs (including litigation and expert costs), disbursements, and attorneys' fees; and

    - pay to him an award for $300,000 for punitive damages for each violation of the ADA and/or COBRA.

32. Moore further requests that the Court order judgment against BNSF for all other relief available under the ADA and/or COBRA, and such other relief as the Court deems just and equitable.

Dated: August 16, 2019

**THE MOODY LAW FIRM**

s/ *Nicholas D. Thompson*
Nicholas D. Thompson (VA # 92821)
500 Crawford St., #200
Portsmouth, VA 23704
Phone: (757) 399-8906
Fax: (757) 397-7257
nthompson@moodyrrlaw.com

**And:**

JONES GRANGER LAW FIRM

Marc A. Zito
TBA 22279400
mzit@jonesgranger.com
10,000 Memorial Drive, Suite 888
P.O. Box 4340
Houston, Texas 77210
(713) 668-0230
(713) 956-7139 Fax

**ATTORNEYS FOR PLAINTIFF**